## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Ruben Anthony Navarro, | ) | Case Nos. 3:26-cr-038 and 1:20-cr-076 |
| | ) | |
| Defendant. | ) | |

Defendant is charged in a petition filed in Case No. 1:20-cr-076 with violating his conditions of supervised release. (Case No. 1:20-cr-076 at Doc. No. 135). On January 29, 2026, he made his initial appearance on the petition and was ordered detained by the undersigned pending preliminary and detention hearings on February 3, 2026. (Case No. 1:20-cr-076 at Doc. Nos. 139 and 143). Following the hearings on February 3, 2026, the undersigned ordered him detained pending a final hearing on the petition, opining:

> For the reasons articulated on the record and based upon the evidence presented by the United States, the court finds that there is probable cause to believe that Defendant violated his conditions of release alleged in the petition. With respect to the issue of detention, the court finds that Defendant has not met his burden and demonstrated by clear and convincing evidence that he poses neither a danger nor a risk of flight. In so doing, the court finds that Defendant's proffered release option lacks the level of supervision, security and structure required under the circumstances. Further, the court notes the presently unrefuted allegations in the petition that Defendant consumed alcohol and/or controlled substances multiple times and failed to report for substance abuse testing while on release. Defendant is therefore ordered detained.

(Case No. 1:20-cr-076 at Doc. No. 144). His revocation hearing, is currently scheduled for June 17, 2026, at 11:00 AM before the Hon. Daniel L. Hovland, District Court Judge. (Doc. No. 150).

On March 10, 2026, an Information was filed in Case No. 3:26-cr-038 charging Defendant

1

with possession of a firearm by a convicted felon. (Case No. 3:26-cr-038 at Doc. No. 1).   A plea agreement was also filed in which Defendant voluntarily waived Indictment and agreed to enter a guilty plea to the offense charged in the Information. (Case No. 3:26-cr-038 at Doc. No. 2).   On March 24, 2026, Defendant appeared before the undersigned and was ordered detained. (Doc. Nos. 8 and 9). That same day he filed a waiver of Indictment and entered a guilty plea in open court before Judge Hovland to the offense charged in the Information. (Case No. 3:26-cr-038 at Doc. Nos. 10 and 12).

On May 28, 2026, Defendant filed Motions for Release from Custody.   (Case No. 3:26-cr-038 at Doc. No. 17; Case No. 1:20-cr-076 at Doc. No. 152). Advising that he has been accepted into Centre, Inc. in Fargo, Defendant requests to be released to Brad Shaffer, a friend and a Business Development Manager at ACROW on June 2, 2026, for transport to Centre, Inc.

Although the court appreciates Defendant's efforts to secure a placement at Centre, Inc., the court is not presently inclined reconsider its orders of detention. In Case No. 1:20-cr-076, Defendant bears the burden of proving by clear and convincing evidence that he is not likely to flee and does not pose a danger to the safety of other persons or the community. See Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. § 3143(a ). The court finds that Defendant has not met this burden, however. Defendant has struggled to maintain his sobriety while in the community and has admitted mental health issues for which he is not presently receiving treatment. Defendant's proffered release option does not include a treatment component, which is something that the court would require under the circumstances. Further, the conduct forming the basis of Defendant's charges in Case No. 3:26-cr-038 allegedly occurred while Defendant was on supervised release in Case No. 1:20-cr-076. Finally, Defendant's final revocation hearing in Case No. 1:20-cr-076 is a little more than two weeks

away.

Accordingly, Defendant's Motions for Release from Custody (Case No. 3:26-cr-038 at Doc. No. 17; Case No. 1:20-cr-076 at Doc. No. 152) are **DENIED**.

**IT IS SO ORDERED.**

Dated this 1st day of June, 2026.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court